WALSH, APPELLANT, *v.* BARCELONA ASSOCIATES, INC., APPELLEE.

(No. 83AP-906—Decided May 31, 1984.)

Mr. *William W. Stevenson* and *Mr. John B. Banks,* for appellant.

*Zacks, Luper & Wolinetz Co., L.P.A., Mr. Frederick M. Luper* and *Mr. Mark S. Miller,* for appellee.

NORRIS, J. Plaintiff, Kathleen Walsh, appeals a judgment of the trial court in favor of defendant Barcelona Associates, Inc., on its counterclaim, finding that she had entered into a binding agreement with defendant to settle her lawsuit against defendant for $6,000; awarding her a judgment for $6,000; and awarding to defendant a judgment for $2,500 based on expenses it incurred in defending the lawsuit after plaintiff refused to perform the settlement agreement.

Plaintiff's complaint alleged that she had purchased a condominium from defendant; that the unit had been constructed on swampy ground, causing water to stand in the crawl space of her unit which, in turn, resulted in structural damage; and that defendant concealed the condition from plaintiff. Defendant's counterclaim alleged that plaintiff had agreed to settle the controversy for $6,000, and now refused to perform the agreement.

Upon agreement of the parties, the case was bifurcated and the matter proceeded to trial on the counterclaim.

As its principal witness, defendant called plaintiff's former attorney, who it contended had negotiated the settlement agreement. Over plaintiff's objection, the attorney was permitted to testify concerning communications between himself and plaintiff.

Plaintiff raises four assignments of error:

"1. The Court erred in permitting conversations between attorney and client without the permission of the client and in holding that any privilege was waived by reason of the lawsuit. * * *" ∎

Relevant to a resolution of the first assignment of error is Ohio's statute regarding privileged communications. R.C. 2317.02 provides in part:

"The following persons shall not testify in certain respects:

"(A) An attorney, concerning a communication made to him by his client in that relation or his advice to his client; but the attorney may testify by express consent of the client, * * * and if the client voluntarily testifies, the attorney may be compelled to testify on the same subject."

When the trial court's ruling, which permitted plaintiff's former attorney to testify as to communications between the two, is read in the context of the transcript, it is apparent that the trial court did not base its ruling upon a belief that the mere filing by plaintiff of her lawsuit amounted to a waiver of her privilege against her former attorney's testimony, but, rather, was predicated upon the trial court's understanding of the "waiver" provision of the statute. In other words, the trial court apparently concluded that, by denying that her former attorney had authority to agree on her behalf to settlement, she placed his authority in question and the attorney could then be compelled to testify on that "same subject."

Ohio courts have taken a relatively broad view of the scope of the term "the same subject." Although one might

argue that "the same subject" refers only to the subject of an actual communication voluntarily testified to by the client, the Ohio Supreme Court has rejected that position, holding, instead, that the term refers to the subject of the controversy about which the client testifies. Accordingly, the attorney may be compelled to testify as to the subject matter of his client's testimony generally. *Spitzer* v. *Stillings* (1924), 109 Ohio St. 297.

Here, plaintiff voluntarily testified, as a part of her case in defense of the counterclaim, that she never agreed to settle her case against defendant, and that she did not authorize her former attorney to agree to a settlement. Accordingly, under the statute, her attorney could be required to testify as to any otherwise privileged communications he had with plaintiff concerning that general subject matter.[2]

We also conclude that the attorney's testimony, on the narrow subject of his authority to enter into an agreement on his client's behalf, would have been admissible on another basis. The purpose of the privilege is to permit complete freedom of disclosure by a client to his attorney without fear that any facts so disclosed will be used against him. Where the communication is not intended to be confidential, it is not within the privilege. *Taylor* v. *Sheldon* (1961), 172 Ohio St. 118 [15 O.O.2d 206]; *Emley* v. *Selepchak* (1945), 76 Ohio App. 257 [31 O.O. 558]. By its very nature, a communication from a client to his attorney conveying authority to the attorney to act on his behalf as his agent in entering into an agreement with the opposing party, is a communication which is intended to be communicated to the opposing party. Because such a conversation is not intended to be confidential, it is not privileged. See *In re Martin* (1943), 141 Ohio St. 87, at 104 [25 O.O. 225].

Accordingly, we examined the testimony of plaintiff's former attorney concerning his communications with plaintiff to determine if it went beyond the subject matter of her agreement to the settlement and of his authority to act on her behalf. It is apparent that the attorney was permitted to testify to confidential communications which were beyond the scope of this subject matter, and that the nature of these disclosures was inherently prejudicial to plaintiff's cause.

For example, the attorney testified that plaintiff acknowledged to him that she knew prior to her purchase of the condominium that there was water standing in the crawl space; that she was unable to compile evidence of her damages; that he and she had discussed how his having settled for only $1,500 a $19,000 deficiency judgment against her arising out of the foreclosure of her condominium by the lending institution minimized any damages she had suffered at defendant's hands; that plaintiff had told him that her only concern was the deficiency judgment; that she had indicated to him that a money damage recovery from defendant was not important to her, but that her only desire was to tell a jury "what kind of people the condominium developers were"; and

---

[2] In reaching this conclusion, we are aware that the trial court committed technical error if it required the attorney's testimony on the basis of plaintiff's waiver since, due to the sequence of proof, plaintiff did not testify until after her former attorney had done so as a part of the defendant's case-in-chief. However, any error in this regard did not prejudice plaintiff's cause since she did testify as indicated, and, had she not done so, she would have conceded defendant's *prima facie* case. We reject defendant's contention, that plaintiff's unsworn responses to the trial judge's questions at a previous informal hearing concerning her former attorney's request to withdraw from the case, amounted to voluntary testimony which grounded her waiver under the statute.

that she had indicated to him that he had "sold out" to the other side and was not properly representing her.

To the extent that this testimony was permitted over plaintiff's objection, the assignment of error is well-taken and is sustained.

\* \* \*

The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings according to law and in accordance with this opinion.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and MOYER, JJ., concur.